IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O. BRADFORD,<br><br>            Petitioner,<br><br>     vs.<br><br>F. GONZALEZ,<br><br><br><br>            Respondent.<br>_____/ | 1:09-cv-00122-BAK-SMS-HC<br><br><br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On January 20, 2009, Petitioner filed the instant habeas petition. (Doc. 1). On February 20, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 8).

On July 2, 2009, after conducting a preliminary screening of the instant petition, the Court issued an order requiring Petitioner to file an amended petition within thirty days of the date of service of that order. (Doc. 19). The reason for issuing the order to file an amended petition was that the original form petition, as filed, omitted page five, which contains the spaces for the first two habeas claims to be listed. As the form petition omitted those critical pages, and as Petitioner did not allege any claims on the remaining pages of the form petition, the instant petition contains no habeas

1

1  claims for this Court to adjudicate.  The deadline for filing the amended petition was August 4, 2009.
2  The Court's case management system indicates that the Clerk of the Court sent the Court's order to
3  amend the petition to Petitioner's current prison facility pursuant to Petitioner's most recent
4  notification of change of address.  Over two and one-half months have elapsed since the Court issued
5  its order; however, Petitioner has never responded in any fashion.

6      In determining whether to dismiss an action for lack of prosecution, the Court must consider
7  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
8  manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring
9  disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.
10  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

11      The Court finds that the public's interest in expeditiously resolving this litigation and the
12  Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending
13  since January 20, 2009.  Also, as a practical matter, Petitioner's failure to amend to the petition to
14  include any cognizable habeas claims deprives the Court of jurisdiction and precludes the Court from
15  proceeding further with this action.  The third factor, risk of prejudice to Respondent, also weighs in
16  favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
17  prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
18  public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in
19  favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the
20  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik
21  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's
22  order of July 2, 2009, expressly stated: "Petitioner is forewarned that his failure to comply with this
23  order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-
24  110."  (Doc. 19, p. 3).   Thus, Petitioner had adequate warning that dismissal of this action could
25  result from his noncompliance with the Court's order.

26
27
28

2

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for Petitioner's failure to prosecute and for his failure to state a cognizable federal habeas claim; and,

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   September 22, 2009**               /s/ Sandra M. Snyder
                                                                 UNITED STATES MAGISTRATE JUDGE

3